UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| WISNER ALEXANDRE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, EDEN DETENTION CENTER, et al.,<br><br>Respondents. | No. 6:26-CV-277-H |

**ORDER**

Wisner Alexandre entered the United States three years ago. Dkt. No. 1 at 2. At that time, Alexandre "was placed in removal proceedings as an 'arriving alien' who had 'applied for admission.'" Dkt. No. 13 at 2; *see* 8 U.S.C. § 1225(a)(1). ICE later placed Alexandre into custody for the pendency of his removal proceedings. Dkt. No. 13 at 2. He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* at 2–3. Before the Court is Alexandre's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, its implementing regulations, and the Fifth Amendment. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Alexandre's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that aliens present in the United States who have not been admitted or who arrive in the United States are subject to mandatory detention under Section 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- The en banc Fifth Circuit has foreclosed the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Vergara*, ___ F.4th ___, ___, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc).

- An alien's prior release on recognizance under 8 U.S.C. § 1226 or humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- In *Buenrostro-Mendez*, the Fifth Circuit stated that "*Zadvydas v. Davis* . . . has no direct application to aliens who are detained and being given due process during removal proceedings." 166 F.4th at 508. Indeed, the Supreme Court in *Zadvydas* was concerned with the unique due process issues posed by the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6). This is because the plain text of that statute "sets no limit on the length of time beyond the removal period that an alien who falls within one of the [statutory] categories may be detained." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (citation modified). The Supreme Court has expressly distinguished the applicability of *Zadvydas* from cases concerning "detention during deportation proceedings," which it has held are "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Alexandre's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. The Court denies the petition. Dkt. No. 1.

So ordered on November 19, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE